PEOPLE *v.* KEYWELL.

1. HOMICIDE—EVIDENCE—GREAT WEIGHT OF EVIDENCE.
   In prosecution for murder, verdict of guilty, which was well within evidence, cannot be said to be contrary to great weight thereof, although testimony was contradictory.

2. CRIMINAL LAW—DUTY OF PROSECUTOR TO INDORSE ALL RES GESTÆ WITNESSES.
   It is duty of prosecutor to indorse on information names of all known *res gestœ* witnesses.

3. SAME—INDORSING NAME ON INFORMATION—NEW TRIAL.
   New trial was properly denied on ground that name of witness should have been indorsed on information, where said witness had already testified in another trial involving same offense that he did not see it committed.

4. SAME—CONTRADICTORY STATEMENTS OF WITNESS—REQUESTED INSTRUCTION.
   Where, in prosecution for murder, witness who saw killing testified that defendant was not killer, and, when asked as to contrary statements, denied making them, trial court should have given instruction, requested at time of taking testimony, that contradictory statements, if any, would not constitute substantive evidence; but defendant was not harmed thereby at that time, because denial relegated prosecution to its proof in contradiction.

5. Same—Prosecution Allowed to Question Credibility of Res Gestæ Witnesses.

Where witness who saw killing testified that defendant was not killer, prosecutor was properly allowed to question him as to contrary statements for purpose of affecting his credibility, since he was witness prosecutor was required to call.

6. Same—Credibility of Res Gestæ Witness Not Vouched for by Prosecution.

Prosecution does not vouch for credibility of witness it is required to call.

7. Same—Evidence.

In prosecution for murder, where victim was killed because he tried to look into building where bootleggers had their plant, officer who afterward entered said building was properly allowed to describe what he saw there.

8. Same—Evidence—Credibility of Res Gestæ Witnesses.

In prosecution for murder, where res gestæ witness testified that he saw murderer fire shot, that it was not defendant, and that he had not told officer that he couldn't or wouldn't identify any of them, there was no error in permitting officer to testify that witness did not identify any one, and that he said he was afraid to identify anybody.

Error to Recorder's Court of Detroit; Cotter (Thomas M.), J. Submitted October 15, 1931. (Docket No. 214, Calendar No. 35,757.) Decided December 8, 1931.

Philip Keywell was convicted of murder in the first degree. Affirmed.

*Chawke & Sloan* and *Edward H. Kennedy, Jr.*, for appellant.

*Paul W. Voorhies*, Attorney General, *Harry S. Toy*, Prosecuting Attorney, and *Edmund E. Shepherd*, Assistant Prosecuting Attorney, for the people.

Wiest, J. An illicit liquor cutting plant was in a barn or garage located on an alley in the city of Detroit. One or more of several boys, passing

through the alley, tried to peep into the building. They were evidently observed, for six men rounded them at the nearest street corner, asked why they were peeking under the door, and one of the men shot and killed Arthur Mixon, one of the boys. Defendant was convicted of the murder, his motion for a new trial was denied, and we now review on his appeal.

We cannot hold the verdict contrary to the great weight of the evidence. The verdict was well within the evidence accepted by the jury, and we cannot hold it contrary to the great weight thereof.

Murder was committed. Some eyewitnesses identified defendant as the murderer, while others testified that defendant was not the person. This presented a question of fact; the jury culled the substance from chaff, and, without view of the witnesses, we cannot winnow otherwise.

In the motion for a new trial, it was alleged that Joe Ford, a nine-year-old colored boy, witnessed the murder and his name should have been indorsed on the information. No such request was made at the trial. It is the duty of the prosecuting attorney to indorse on an information the names of all known *res gestæ* witnesses. Was Joe Ford such a witness? This is answered by Joe Ford's testimony, given at the subsequent trial of Morris Raider and before the motion for a new trial herein, where the court directed that Joe Ford's name be indorsed on the information and his name was indorsed as a witness. He testified that he did not witness the killing or see the killer.

Robert Miller witnessed the killing, saw the murderer, was called by the prosecution, and testified that defendant was not the killer. He was asked about alleged statements to the contrary, and denied making them. It is contended that the court erred

in not instructing the jury, at the time of taking the testimony, that contradictory statements, if any, would not constitute substantive evidence. This the court should have done, because there was such a request. Was defendant harmed by the failure of the court to so instruct the jury? Certainly not at that time, for the denial by the witness relegated the prosecution to its proof in contradiction. The request was not renewed when impeaching testimony was introduced or in a request to charge the jury on the subject. The questions were proper for the purpose of affecting the credibility of the witness the prosecution was required to call. In such case the prosecution does not vouch for the credibility of the witness.

It is evident that Arthur Mixon was killed because he had tried to look into a building where bootleggers had their plant. An officer, after the killing, entered the building and was permitted to describe what he found there. This is urged as error, it being contended that no testimony connected defendant with such plant. If defendant killed Arthur Mixon he did so because Mixon had exhibited too much curiosity about the plant. That reason may appear trivial, but it was the subject of altercation leading to the killing. The testimony was admissible.

Hescie Miller was a *res gestæ* witness and testified that he saw the murderer fire the shot and it was not defendant, that he had not told the officer that he "couldn't or wouldn't identify any of them." The officer testified that Hescie Miller did not identify any one and said "he was afraid to, afraid to identify anybody." There was no error in this.

We find no reversible error. Affirmed.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.