PEOPLE v. COLID.

1. FORGERY—EVIDENCE—HANDWRITING SAMPLES—ADMISSIBILITY.
  Handwriting sample given by accused in forgery case, on day of return to State, following waiver of extradition *held*, properly admissible at trial on charge of forgery, where record does not indicate that sample was not given voluntarily nor that defendant requested counsel at time of giving sample (CL 1948, §§ 750.248, 750.249).

2. APPEAL AND ERROR—UTTERING AND PUBLISHING—FORGERY—GREAT WEIGHT OF EVIDENCE.
  Verdict in jury trial on charges of uttering and publishing and forgery, *held*, well within the evidence accepted at trial, hence,

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 349 *et seq.*

Court of Appeals will not say it was against the great weight of the evidence (CL 1948, §§ 750.248, 750.249).

Appeal from Van Buren; Anderson, Jr. (David), J. Submitted Division 3 February 8, 1966, at Grand Rapids. (Docket No. 300.) Decided May 11, 1966.

Dave Clebon Colid, Jr., was convicted of forgery and uttering and publishing. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Horace W. Adams,* Prosecuting Attorney, for the people.

*Williams & Scheuerle (Robert J. Scheuerle,* of counsel), for defendant.

BURNS, J. The defendant, Dave Clebon Colid, was charged and convicted of the crimes of forgery[1] and uttering and publishing[2] upon trial by jury.

The check in question was cashed by the appellant on October 28, 1963. On November 16, 1963, a written complaint was made and a warrant for forgery was issued on the same date. The record does not indicate when the appellant was arrested in the State of Florida, the date of his extradition, or the date of his return to the State of Michigan, but the warrant was returned on March 18, 1964, and the appellant gave handwriting specimens on the same date. He was arraigned on May 29, 1964.

The defendant appeals, claiming that he was not advised of his constitutional rights when the State police officer took handwriting specimens. The specimens were taken prior to arraignment and in the absence of counsel.

---

[1] CL 1948, § 750.248 (Stat Ann 1962 Rev § 28.445).
[2] CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446).

Secondly, the appellant contends that his conviction was contrary to the great weight of evidence.

In the present case there is no evidence in the record of any coercion with regard to the taking of the handwriting samples. There is nothing in the record to indicate that the defendant requested counsel or that the handwriting sample was not given voluntarily. To the contrary, trooper Bierhalter testified:

"When I asked him if he would like to give me some handwriting samples, he said he would be glad to give the handwriting samples, and he [defendant] said that, 'You have the wrong fellow here on this check.' "

The sample taken does not amount to a confession and the case of *People* v. *Walker* (1965), 374 Mich 331, does not apply.

Justice BIRD, writing in *People* v. *Sturman* (1920), 209 Mich 284, stated on page 289:

"Quite likely it would have been error to compel the witness, against objection, to make the signatures he did. * * * but we see no occasion for holding it reversible error, when it was done voluntarily and without any objection upon his part, or upon the part of counsel."

The verdict was well within the evidence accepted by the jury and it is not for an appellate court to say it was against the great weight of evidence. See *People* v. *Keywell* (1931), 256 Mich 139.

Affirmed.

HOLBROOK, P. J., and McGREGOR, J., concurred.