PEOPLE v WOOD

PEOPLE v COX

1. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY—SHOWING GENERAL PLAN OR SCHEME.

Evidence tending to show the theft of a pistol shortly before the armed robbery is admissible when its purpose is to establish the defendant's entire scheme or plan for committing the armed robbery, notwithstanding that such proof may show the accused to have committed other prior or subsequent crimes (MCLA 768.27).

2. CRIMINAL LAW—CONSTITUTIONAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—COMMENT BY PROSECUTOR.

A clarifying statement by the prosecutor that a defendant did not testify, where there were two defendants, only one of whom took the stand, and there was an inadvertent reference to certain testimony as being that of the defendant who had not taken the stand, was not so improper as to require reversal because a prosecutor's comments concerning the defendant's failure to take the stand do not automatically require reversal, where the comments were for clarification purposes and the record indicates that they were harmless beyond a reasonable doubt and had no adverse effect on the defendant's right to remain silent.

3. CRIMINAL LAW—ARREST—PROBABLE CAUSE.

An arrest on a "John Doe" warrant does not entitle the defendant to avoid prosecution on the charges for which he is arrested where the police had probable cause to arrest the defendant, and he was timely arraigned and the charges were read to him from the complaint.

Appeal from Oakland, Farrell E. Roberts, J.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 322, 326.

[2] 29 Am Jur 2d, Evidence § 638 *et seq.*

[3] 21 Am Jur 2d, Criminal Law § 441.

Submitted Division 2 May 10, 1972, at Lansing. (Docket No. 12452.) Decided December 6, 1972. Leave to appeal denied, 390 Mich —.

Roger L. Wood and Gerald Cox were convicted of armed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *William G. Wolfram,* Assistant Prosecuting Attorney, for the people.

*John I. Bain,* for defendants on appeal.

Before: J. H. Gɪʟʟɪs, P. J., and T. M. Bᴜʀɴs and Tᴀʀɢᴏɴsᴋɪ,* JJ.

T. M. Bᴜʀɴs, J. Defendants, Roger L. Wood and Gerald Cox, were convicted by a jury of armed robbery pursuant to MCLA 750.529; MSA 28.797. They were sentenced to a term of from 10 to 20 years imprisonment and appeal as of right.

The prosecution's evidence showed that on the day of the robbery while the defendants were visiting at a friend's summer cottage, the owner of the dwelling remarked that a pistol was kept in the bedroom for protection against prowlers. Around 7 p.m. defendants departed. Over defense counsel's objection, the owner of the cottage and her nephew testified to the effect that the gun was in the bedroom when the defendants arrived; the defendants had an opportunity to take the gun; and that after the defendants had left the premises, the gun was missing.

Shortly thereafter, at approximately 8 p.m., a nearby grocery store was held up and robbed by

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

two gunmen armed with pistols. At trial, several eyewitnesses and the victims of the robbery identified both defendants as the perpetrators of the crime.

The issues raised by the defendants will be discussed and decided in the manner presented below.

First defendants contend that the trial court reversibly erred by admitting over defense counsel's objection evidence tending to show that they had stolen a pistol shortly before the commission of the armed robbery. We disagree.

For the most part, the use to which evidence is put determines its admissibility. For example, evidence of the commission of prior crimes is not admissible for the purpose of showing that an accused is more likely to have perpetrated the crime charged. 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 446, p 549. However, evidence that an accused committed other crimes *is* admissible for the purpose of establishing motive, intent, scheme, plan, system of doing the act, or lack of mistake notwithstanding the fact such proof may show the accused has committed other prior or subsequent crimes. MCLA 768.27; MSA 28.1050.

A review of the record in the instant case indicates that at trial, and again at oral argument here, the prosecution asserted that the pistol allegedly stolen from the summer cottage was sufficiently connected to the armed robbery by a reasonable inference which we briefly summarize as follows: the defendants were together at a summer cottage a short distance from the scene of the offense, they had access to a pistol on the premises, the pistol was missing after defendants departed the cottage, and that the defendants com-

mitted the armed robbery with one or more handguns approximately one hour later.

In view of the foregoing, we are convinced that the evidence tending to show the theft of the pistol from the summer cottage was not introduced to show the defendants' general criminal proclivity. Rather, it is apparent that the evidence complained of was introduced to establish the defendants' entire scheme or plan for committing the armed robbery of the grocery store. Accordingly, there was no error.

Next defendant Wood argues that he was denied a fair trial by the prosecutor's closing remarks concerning his failure to take the stand. Again we must disagree.

At trial, defendant Cox testified in his own behalf; however, defendant Wood did not take the stand. In closing argument, the prosecutor said:

> "*Prosecutor:* She testified that she was his girl friend; that she was with him on the eighth and that they were in the Sportsman's Bar at approximately six o'clock. That is interesting because Mr. Wood testified that they left White Lake at 5:30 and Mr. Wood * * * ."

Defense counsel objected and after a conference at the bench, the prosecutor apologized saying, "I'm sorry, Mr. Cox testified, Mr. Wood did not".

Later during closing argument, the following colloquy ensued:

> "*Prosecutor:* Miss Thompson, there is a conflict in defendant Wood's statement and Miss Thompson's statement, a clear apparent conflict.
>
> "*Mr. Bain (defense counsel):* I will object to that again.
>
> "*The Court:* Objection sustained.

*"Prosecutor:* Defendant Cox, I'm sorry, your Honor, defendant Cox's testimony."

It is readily apparent from reading the transcript that the prosecutor's reference to defendant Wood's testimony was a slip of the tongue and that he meant to refer to defendant Cox. It was Cox who testified that they left White Lake at 5:30.

Generally the constitutional privilege against self-incrimination[1] protects an accused in a criminal case from any presumption, reference or comment on the failure to take the stand in his own behalf. *Griffin v California,* 380 US 609; 14 L Ed 2d 106; 85 S Ct 1229 (1965); *People v Alexander,* 17 Mich App 497 (1969); MCLA 600.2159; MSA 27A.2159.

However, even assuming *arguendo* that the prosecutor's statements may have been improper, the defendant's conviction does not necessarily fail. Prosecutorial remarks concerning an accused's failure to take the stand do not automatically bring a reversal where the record indicates that the comments were harmless beyond a reasonable doubt. *Chapman v California,* 386 US 18; 87 S Ct 824; 17 L Ed 2d 705 (1967); *People v Fry,* 17 Mich App 229 (1969).

From the overwhelming and unmistakable in-court identification testimony provided by several eyewitnesses and by the victims of the armed robbery, we are convinced that such error as may have been the result of prosecutorial remarks was harmless beyond a reasonable doubt and had no adverse effect upon the accused's right to remain silent.

Finally, defendant Cox asserts that his arrest

[1] US Const, Am V; Const 1963, art 1, § 17.

was illegal since the warrant leading to his arrest specified the name of "John Doe" and contained no further physical description. This argument is specious.

The record herein reveals that the police had probable cause to arrest the defendant. Moreover, after the arrest, defendant was timely arraigned and the charges were read to him from the complaint.

We need neither discuss nor decide the legality of defendant's arrest for a proper disposition of defendant's claim since an illegal arrest does not entitle a defendant to avoid prosecution on the charges for which he is arrested. *People v Drummonds,* 30 Mich App 275 (1971); 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 225, p 254.

For the reasons delineated above, defendants' convictions are affirmed.

All concurred.