PEOPLE v RHINEHART

PEOPLE v PENTE

Opinion of the Court

1. Criminal Law—Appeal and Error—Duress—Instructions to Jury—Objections—Miscarriage of Justice.

   The Court of Appeals will not reverse a defendant's conviction because of a trial court's failure to give an instruction on the defendant's theory of duress where no objection was made at trial and where no miscarriage of justice is shown.

2. Criminal Law—Instructions to Jury—Elements of Offense.

   The reading of the information and the applicable statute by a trial judge constitutes a sufficient instruction to the jury on the basic elements of the offense charged.

3. Drugs and Narcotics—Evidence—Prior Offense—Motive, Intent or Common Scheme.

   Reference by the prosecutor, in a trial for delivery of a controlled substance, to a prior narcotics sale made by the defendant is admissible in the prosecutor's case in chief to show motive, intent or a common scheme or plan; the probative value of such evidence outweighs its prejudice to the defendant.

4. Drugs and Narcotics—Sentencing—Judges—Nature of Controlled Substance.

   A defendant's conviction for delivery of a controlled substance should be remanded for resentencing where the trial judge subsequently admitted that he was not sufficiently apprised of the nature of the substance involved to intelligently pass sentence.

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 906.
[2] 75 Am Jur 2d, Trial §§ 713, 714.
[3] 76 Am Jur 2d, Trial § 1189.
[4] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27, 48.
[5] 21 Am Jur 2d, Criminal Law §§ 143–145.
[6, 8] 25 Am Jur 2d, Duress and Undue Influence §§ 30, 31.
[7] 25 Am Jur 2d, Duress and Undue Influence §§ 30–34.

Concurrence in Part, Dissent in Part by N. J. Kaufman, J.

5. Criminal Law—Entrapment—Question of Law—Appeal and
    Error.

    Submission to the jury of the issue of entrapment is reversible
    error, and the Court of Appeals will consider the matter even
    where not raised by a defendant nor objected to at trial; a trial
    court is bound to follow the law notwithstanding the fact that
    the parties are negligent in not calling it to the court's atten-
    tion.

6. Criminal Law—Instructions to Jury—Duress.

    *A recitation of the information and the applicable statute is
    ordinarily a sufficient charge to the jury on the basic elements
    of the offense; however, where a defendant relies upon a
    defense of duress the court is required to articulate the neces-
    sity of a criminal* mens rea *for conviction and the significance
    of duress.*

7. Criminal Law—Duress—Intent—Jury Question.

    *A jury must determine whether a defendant acted with the
    requisite intent where evidence of duress has been presented.*

8. Criminal Law—Instructions to Jury—Duress—Validity of De-
    fense.

    *Failure of a trial court to inform the jury that a defendant's
    theory of duress may be a valid defense is error.*

Appeal from Recorder's Court of Detroit, James
Del Rio, J. Submitted February 5, 1976, at Detroit.
(Docket Nos. 23013, 23533.) Decided August 3,
1976. Leave to appeal applied for.

David L. Rhinehart and James C. Pente were
convicted of delivery of a controlled substance.
Defendants appeal. Defendant Rhinehart's convic-
tion reversed. Defendant Pente's conviction af-
firmed, but remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and

*Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant Rhinehart.

*Ellen C. Wallaert,* for defendant Pente on appeal.

Before: BASHARA, P. J., and N. J. KAUFMAN, and D. F. WALSH, JJ.

BASHARA, P. J. We adopt the facts from the dissenting opinion and concur that defendant Rhinehart's conviction must be reversed because the trial judge erroneously submitted the issue of entrapment to the jury.

However, we disagree that the conviction of defendant Pente should be reversed. Although Pente had initially requested an instruction on duress, the trial judge indicated on the record that the attorneys and the court had reached an agreement that Pente's requested instruction would not be given. No objection was made on the trial court's failure to give any instruction on duress. The issue was not preserved for appeal and we will not reverse where no miscarriage of justice is shown. MCLA 769.26; MSA 28.1096.

The reading of the information and applicable statute by the trial judge constitutes a sufficient instruction to the jury on the basic elements of the offense charged. *People v Kruper,* 340 Mich 114, 122-123; 64 NW2d 629 (1954), *People v Cardenas,* 21 Mich App 636; 176 NW2d 447 (1970), *lv den,* 383 Mich 820 (1970). The jury was clearly instructed on Pente's theory of duress. We can only conclude that the jury, if it believed Pente, understood that if Pente was coerced to act, he could not

have the *mens rea* to commit the crime in question.

The defendant erroneously argues that the prosecutor's opening statement made an improper reference to a prior narcotics sale made by the defendant. Such evidence was admissable in the prosecutor's case in chief to show motive, intent or a common scheme or plan. MCLA 768.27; MSA 28.1050, *People v Valoppi,* 61 Mich App 470; 233 NW2d 41 (1975), *People v Wood,* 44 Mich App 99; 205 NW2d 66 (1972), *lv den* 390 Mich 758 (1973). The probative value of the evidence outweighed its prejudice to the defendant. *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973), *People v Spillman,* 63 Mich App 256; 234 NW2d 475 (1975).

Defendant further assigns a number of errors to the instructions given by the trial judge. The failure to object to the instructions precludes reversal unless it affirmatively appears that the errors complained of resulted in a miscarriage of justice. MCLA 769.26; MSA 28.1096; GCR 1963, 516.2. Our review of the record and instructions as a whole discloses no miscarriage of justice. *People v Hammack,* 63 Mich App 87; 234 NW2d 415 (1975), *People v Sanford,* 65 Mich App 101; 237 NW2d 201 (1975), *People v Timothy Washington,* 43 Mich App 150; 203 NW2d 744 (1972).

Defendant's final contention is that the trial judge, by his own subsequent admission, was not sufficiently apprised of the nature of the narcotic involved to intelligently pass sentence. We agree.

Pente was sentenced on the morning of November 15, 1974. Later that day co-defendant Rhinehart was scheduled to be sentenced. At Rhinehart's sentencing the court indicated it did not have a complete report on phencyclidine and suggested postponing sentencing two weeks. If the

trial judge believed he was incapable of intelligently passing sentence on Rhinehart because of lack of knowledge of phencyclidine, the same infirmity would apply to Pente. Accordingly, we remand for resentencing of Pente by a different judge.

The conviction of Rhinehart is reversed. The conviction of Pente is affirmed and remanded for resentencing.

D. F. Walsh, J., concurred.

N. J. Kaufman, J. *(concurring in part, dissenting in part)*. Defendants were charged with and, after a jury trial in Detroit Recorder's Court, convicted of delivery of a controlled substance, phencyclidine. MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b). Both defendants admitted acting as intermediaries in a drug transaction between a narcotics agent and a narcotics peddler, but defendant Pente claimed to be acting under duress and defendant Rhinehart claimed to have been entrapped. Each defendant appeals his conviction.

A. *Defendant Rhinehart*

Rhinehart's conviction must be reversed. Although he does not raise the issue, we note that the trial court submitted the issue of entrapment to the jury. In the recent case of *People v Cushman,* 65 Mich App 161; 237 NW2d 228 (1975), this Court reversed a defendant's conviction on the grounds that the trial court submitted the entrapment issue to the jury. The absence of an objection was not considered an impediment to review:

"A trial court is bound to follow the law notwithstanding the fact that the parties are negligent in not calling it to the court's attention." 65 Mich App at 166.

Because the parallel to the present case could not be more exact[1] and because we are impressed by the analysis, we adopt *Cushman's* reasoning and result. See also *People v Sheline,* 64 Mich App 193; 235 NW2d 177 (1975).

B. *Defendant Pente*

Pente's most substantial claim of error concerns the trial court's closing instructions to the jury. The trial court made no mention at all of the intent required for a conviction under the statute, nor any comment on the elements of duress. Although a recitation of the information and the applicable statute, as was done here, ordinarily is a sufficient charge to the jury, *e.g., People v Wheat,* 55 Mich App 559, 562–563; 223 NW2d 73 (1974), Pente's reliance on the defense of duress requires that the court articulate the necessity of a criminal *mens rea* for conviction and the significance of duress.

Pente had admitted his participation in the transaction but denied that he was wilfully involved. Although we may have doubts that there was a tenable defense of duress, it is the jury that must determine if Pente acted with the requisite intent. *People v Harmon,* 53 Mich App 482, 486; 220 NW2d 212 (1974), *aff'd,* 394 Mich 625; 232 NW2d 187 (1975). Pente testified that the narcotics agent "had a gun on me" and had issued what could be considered a threat. This is sufficient evidence of duress to allow the jury to pass on the defense. *People v Harmon, supra,* at 486.

---

[1] The only fact which might distinguish the present case from *People v Cushman,* 65 Mich App 161; 237 NW2d 228 (1975), is the trial court's denial of defendant's motion for directed verdict at the close of the prosecution's case. Although the motion was based on an entrapment argument, we cannot view the court's summary denial as a ruling on the entrapment issue. Neither defendant had testified at this point and the court was without sufficient facts to pass on the entrapment issue.

As was stated in *People v Reed,* 393 Mich 342; 224 NW2d 867 (1975):

"The instruction to the jury must include all elements of the crime charged, * * * , and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." 393 Mich at 349–350. (Citations omitted.)

Although the court did state Pente's theory of the case, the court did not adopt any part of defendant's proposed instruction on intent and duress.

I disagree with the majority's assertion that the jury was "clearly instructed" in Pente's theory of duress. All that the court did was to recite Pente's theory, without informing the jury that duress may be a valid defense. The error of this omission is verified by the court's instruction to the jury that Rhinehart's defense was "a good defense in law". Pente's defense was not similarly described and his theory suffered by comparison.

The jury might have known what theory Pente was advancing, but had no understanding of the viability of his argument because of the lack of duress instructions.

I am not convinced that defense attorney reached an agreement that all instructions on duress be excluded. The record suggests that he merely withdrew his own partially erroneous instruction.[2] The trial court erred in refusing to

---

[2] Defendant's requested charge follows:

"Defendant Pente has raised the defense that he did not have the necessary specific intent to committ (sic) the crime of delivery of Phencyclidine. It is an obligation of the people to prove that Mr. Pente intended to participate in the crime of delivery of PCP and that his participation was free of all duress and coercion and that participation was of his own free will and volition."

The first sentence of the proposed charge is in error in this case, where defendants were charged with delivery, not with possession with intent to deliver. Delivery of a controlled substance does not

recite at least part of defendant's requested jury instruction on the necessity of criminal intent and the viability of a duress defense. *Cf. People v Pepper,* 389 Mich 317; 206 NW2d 439 (1973).

I concur in the reversal of Rhinehart's conviction, but dissent from the affirmance of Pente's conviction. I would reverse both convictions.

---

require "specific intent", but only requires general criminal intent. *See People v Dyson,* 56 Mich App 59, 63–64; 223 NW2d 364 (1974). The trial court should have supplemented the instruction with a definition of duress:

"To establish the defense of duress it is necessary that a defendant show that the violation of law for which he stands charged was necessitated by threatening conduct of another which resulted in defendant harboring a reasonable fear of imminent or immediate death or serious bodily harm." *People v Harmon,* 53 Mich App 482, 485–486; 220 NW2d 212 (1974), *aff'd* 394 Mich 625; 232 NW2d 187 (1975).