PEOPLE v TRAVIS

Docket No. 31430. Submitted June 20, 1978, at Detroit.—Decided
  August 22, 1978. Leave to appeal applied for.

  Namon Travis was convicted of first-degree criminal sexual con-
  duct and armed robbery, Recorder's Court of Detroit, Michael
  J. Connor, J. The defendant appeals alleging that the trial
  court erred in permitting the trial to continue when the defend-
  ant was not present because of his physical condition. He also
  alleges that the sentencing court improperly considered his
  refusal to plead guilty in determining the term of the sentence.
  *Held:*

    1. The defendant waived his right to be present at trial
  where he refused to appear after being informed of his right to
  be present at trial and after being examined by four doctors, all
  of whom testified that the defendant was capable of standing
  trial.

    2. It was improper for the sentencing judge to take into
  consideration the defendant's refusal to plead guilty in deter-
  mining the term of the sentence.

  Remanded for resentencing.

1. Constitutional Law—Criminal Law—Right to be Present at
    One's Trial—Statutes.

  The right to be present at one's trial is a fundamental right
  guaranteed a criminal defendant both by statute and as part of
  Fourteenth Amendment due process and nothing in the nature
  of evidence should be taken when the defendant is not present
  (US Const, Am XIV, MCL 768.3; MSA 28.1026).

2. Constitutional Law—Criminal Law—Right to be Present at
    One's Trial—Waiver.

  A criminal defendant's right to be present at trial may be waived
  like any other constitutional guarantee; the defendant may

References for Points in Headnotes
[1] 16 Am Jur 2d, Constitutional Law § 573.
[2] 16 Am Jur 2d, Constitutional Law § 567.
[3] 28 Am Jur 2d, Estoppel and Waiver §§ 157, 158.
[4] 21 Am Jur 2d, Criminal Law §§ 527–530.

waive this right by his conduct in the courtroom or through
failure to appear.

3. CONSTITUTIONAL LAW—WAIVER—WORDS AND PHRASES—KNOWN
   PRIVILEGE—ELEMENTS.
   Waiver is an intentional relinquishment or abandonment of a
   known right or privilege; the two separate parts of a waiver
   are: (1) a specific knowledge of the constitutional right, and (2)
   an intentional decision to abandon the protection of the consti-
   tutional right; both elements must be present and if either is
   missing there can be no waiver and no finding of consent.

4. CRIMINAL LAW—SENTENCES—REFUSAL TO PLEAD GUILTY.
   A sentencing judge may not take into consideration a defendant's
   refusal to plead guilty in determining the term of the sentence.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Michael R. Mueller,* Direc-
tor, Prosecutor's Repeat Offender Bureau, and
*Larry L. Roberts,* Assistant Prosecuting Attorney,
for the people.

*Michael S. Surnow,* for defendant on appeal.

Before: D. C. RILEY, P. J., and M. F. CAVANAGH
and B. M. HENSICK,* JJ.

B. M. HENSICK, J. The defendant was convicted
of first-degree criminal sexual conduct, MCL
750.520b(1); MSA 28.788(2)(1), and armed robbery,
MCL 750.529; MSA 28.797. He was sentenced to a
prison term of 50 to 80 years on the criminal
sexual conduct conviction and life imprisonment
on the other conviction. He appeals as of right.

Defendant was present at the beginning of his
trial, but was subsequently absent one entire day
and approximately one hour of the following day
during his trial. Defendant contends that the trial
court erred in permitting the trial to continue in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

his absence. The following chronological sequence of events is necessary to an understanding of this Court's opinion.

Several months prior to trial, defendant had received a gunshot wound which required removal of a large portion of his stomach and pancreas. He had since been experiencing pain, vomiting and loose bowels.

Defendant, who was present for the first two days of trial, initially complained of being in pain on the second day. As a result of defendant's complaints, the court recessed early for the day. A doctor examined defendant and informed the court that he was able to continue with the trial.

The third day, Thursday, the trial was adjourned early, again due to defendant's complaint of pain. The court arranged for defendant to be taken to Detroit General Hospital for a complete examination over the weekend. On Monday, court reconvened after receiving word from the hospital that there was no physical or mental reason why defendant could not continue the trial. Defendant remained at trial that entire day although he again complained of experiencing severe discomfort. After an extended conversation with defendant and his attorney, the court concluded that the trial would continue, and informed defendant that it would grant more recesses if defendant required them and take other steps if necessary.

On the fifth day of trial, defendant refused to come out of the lock-up, complaining of his continuing illness. At that point, the court summoned two doctors from the Detroit Recorder's Court clinic to examine defendant. The court stated that if the doctors indicated that there was any reason at all to believe that defendant could not go forward with the trial, it would at least adjourn the

case and possibly terminate it. However, both doctors concluded that defendant was able to stand trial and that the pain was not severe enough to prevent him from aiding and assisting his counsel.

The court decided, based on the four doctors' reports, its own observation of defendant, and the fact that defendant had a history of feigning illness in previous cases, to continue the trial. In addition, the court noted that a key witness had been threatened the night before, and that her testimony was in jeopardy if the trial was postponed. Defendant, who was in the courthouse, was informed of the court's decision and refused to come out. The court informed defendant that he would be allowed to rejoin the trial at any time, and it allowed defense counsel to confer with defendant during the day.

Defendant was subsequently absent for most of the cross-examination of a key complaining witness and for the entire testimony of three other witnesses. The defendant returned to the courtroom during the morning of the next day and was present for the remaining four days of trial.

The right to be present at one's trial is a fundamental right guaranteed the defendant both by statute, MCL 768.3; MSA 28.1026, and as part of Fourteenth Amendment due process. *Illinois v Allen,* 397 US 337; 90 S Ct 1057; 25 L Ed 2d 353 (1970). Nothing in the nature of evidence should be taken when the defendant is not present, *People v Medcoff,* 344 Mich 108; 73 NW2d 537 (1955), *overruled on other grounds, People v Morgan,* 400 Mich 527; 255 NW2d 603 (1977), *People v Montgomery,* 64 Mich App 101; 235 NW2d 75 (1975).

Like any constitutional guarantee, the defendant's right to be present at trial may be waived. *Illinois v Allen, supra.* The defendant may waive

this right by his conduct in the courtroom, *Illinois v Allen, supra.* The right may also be waived through failure to appear, *Diaz v United States,* 223 US 442; 32 S Ct 250; 56 L Ed 500 (1912), *People v Swan,* 394 Mich 451; 231 NW2d 651 (1975).

Cases involving the defendant's absence during testimonial proceedings are rare, presumably because absence then is so incompatible with a fair trial that the question simply does not arise except as to questions of waiver. *People v Thomas,* 46 Mich App 312; 208 NW2d 51 (1973). In determining whether defendant waived his right to be present at trial, we look to *People v Grimmett,* 388 Mich 590, 598; 202 NW2d 278, 282 (1972), wherein the Court defined waiver requirements:

"Waiver is defined in *Johnson v Zerbst,* 304 US 458, 464; 58 S Ct 1019, 1023; 82 L Ed 1461 (1938), as 'an intentional relinquishment or abandonment of a known right or privilege.' The Court added, 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and * * * we 'do not presume acquiescence in the loss of fundamental rights.' Thus, waiver consists of two separate parts: 1) a specific knowledge of the constitutional right; and 2) an intentional decision to abandon the protection of the constitutional right. Both of these elements must be present and if either is missing there can be no waiver and no finding of consent."

In the instant case, the court informed defendant that he had a constitutional right to be present at all stages of the trial and that it was possible for him to waive that right. The court told defendant that one of the ways he could waive the right to be present was by his voluntary absence from the trial.

The trial was interrupted numerous times to

accommodate defendant's complaints of not feeling well. He was examined by four doctors, all of whom testified that defendant was capable of standing trial. There was testimony that the symptoms defendant was experiencing could continue for the rest of his life. In addition, there was the court's own observation of defendant's demeanor, whereby it concluded that the defendant did not seem visibly ill or incapable of sitting for long periods.[1]

In *Illinois v Allen, supra,* the Court recognized that a defendant might conceivably, as a matter of calculated strategy, elect to postpone his trial in the hope that adverse witnesses might be unavailable after a lapse of time. We note in the instant case that the key prosecution witness had been threatened during the trial and that her testimony could have been jeopardized by postponing the trial any further. The trial judge must balance the rights of the defendant against the rights of the people to proceed with trial. "Thus there can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward." *Illinois v Allen, supra,* at 348–349 (Brennan, J., concurring).

Under the circumstances, we conclude that the trial court did not err in determining that defendant was well enough to stand trial, and that his refusal to appear in court, after being apprised of his constitutional right to be present, constituted a knowing and intentional waiver of that right. *People v Grimmett, supra.* While we jealously guard the defendant's constitutional right to be

[1] The defendant underwent surgery more than 6 months after trial to remove a bowel obstruction. No medical evidence is presented suggesting that the bowel obstruction was the source of defendant's pain during trial.

present at every stage of the proceedings, the disposition of criminal cases cannot be made "subject to the whims of defendants who could frustrate the speedy satisfaction of justice by absenting themselves from their trials". *United States v Tortora,* 464 F2d 1202, 1208 (CA 2, 1972).

Defendant next contends that the trial court impermissibly considered his insistence on a jury trial in imposing sentence. His codefendant, Claxton Cooper, pled guilty and received a substantially smaller sentence.

The trial judge indicated that he considered various background factors of each defendant in imposing the different sentences. However, he added:

"Now in addition to that, I might also point out that Claxton Cooper did plead guilty. Now that, I agree with you, I don't think that any person should have their right to a jury trial chilled. But, on the other hand, occasionally, the Court will reward a person, giving something less than they deserve just because they have plead *[sic]* guilty, and, consequently, not put the People to the risk of a not guilty verdict."

A sentencing judge may not take into consideration defendant's refusal to plead guilty in determining the term of the sentence. *People v Snow,* 386 Mich 586; 194 NW2d 314 (1972), *People v Bottany,* 43 Mich App 375; 204 NW2d 230 (1972).

We remand to the trial court for resentencing. In determining the defendant's sentence, no consideration is to be given to the fact that he was convicted by a jury, rather than upon a plea of guilty. The court shall impose sentence within its sound discretion in accordance with its evaluation of the defendant as an individual.

Remanded.