PEOPLE v RABB

Docket No. 52093. Submitted June 3, 1981, at Lansing.—Decided
January 19, 1982.

James L. Rabb was convicted of breaking and entering with
intent to commit larceny, Genesee Circuit Court, Earl E. Borra-
daile, J. He appeals. *Held:*

1. The record does not reveal that the trial court increased
the defendant's sentence over that offered to the defendant
during plea negotiations because of his refusal to plead guilty,
the court's active participation in the negotiations notwith-
standing. Thus the defendant is not entitled to resentencing.

2. The trial court erred in failing to define in its instructions
to the jury the essential elements of larceny, but the record
reveals that the error does not require reversal because the
jury understood that the defendant was required to have the
intent to take the victim's money to be convicted of the crime.

Affirmed.

M. J. KELLY, J., dissented. He would hold that because the
trial court actively participated in the plea negotiations and
because the record reveals nothing to justify the increase in
sentence the case should be remanded for resentencing before
another judge.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — REFUSAL TO PLEAD GUILTY.

A trial court, in imposing sentence upon a criminal defendant
following conviction, may not consider the defendant's refusal
to have pled guilty.

2. CRIMINAL LAW — SENTENCING — PLEA BARGAINING — REFUSAL TO
PLEAD GUILTY.

A sentence imposed by a trial court upon a criminal defendant

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 447.
[2, 4, 5] 21 Am Jur 2d, Criminal Law § 483.
[3] 5 Am Jur 2d, Appeal and Error § 623.
[5] 21 Am Jur 2d, Criminal Law § 580 *et seq.*

which is more severe than a specific sentence offered to the defendant during plea negotiations in exchange for a guilty plea need not be set aside on appeal because the trial court actively participated in the negotiations; to be entitled to resentencing, the defendant must show that the increase in the sentence imposed was a result of the trial court's improper consideration of his refusal to plead guilty.

3. CRIMINAL LAW — JURY INSTRUCTIONS — APPEAL.

A trial court in a criminal case should, *sua sponte,* instruct the jury relative to the general features of the case, define the offense, and indicate the elements essential to establish the offense, and a defendant need not request such an instruction to preserve the issue for review on appeal; however, where the trial court fails to so instruct, reversal is not required where the record reveals that the jury understood the essential elements necessary to establish the offense.

DISSENT BY M. J. KELLY, J.

4. CRIMINAL LAW — PLEA BARGAINING — COURTS.

*A trial court in a criminal case should not be the instigator of nor the conduit for plea negotiations; the court should take a nonparticipatory, passive approach to the plea-bargaining process and should be looked to merely for approval of an agreement reached by adversaries.*

5. CRIMINAL LAW — SENTENCING — PLEA BARGAINING.

*A sentence imposed by a trial court upon a criminal defendant following a conviction which is more severe than a sentence offered to the defendant by the trial court during plea negotiations in exchange for a guilty plea should be vacated and the case remanded for resentencing before another judge where the record reveals nothing to justify the increase in the sentence.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Earl R. Suphler,* for defendant on appeal.

Before: Beasley, P.J., and M. J. Kelly and N. A.
Baguley,* JJ.

N. A. Baguley, J. Defendant was convicted on
September 29, 1980, by a Genesee County Circuit
Court jury of breaking and entering with intent to
commit larceny. MCL 750.110; MSA 28.305. He
appeals as of right.

Defendant contends that he is entitled to a
resentencing because the trial court improperly
increased the sentence imposed following convic-
tion from that offered in exchange for a plea of
guilty to the charged offense.

It appears that the trial court actively partici-
pated in plea bargaining by offering defendant on
the record a sentence of from 2-1/2 to 10 years in
exchange for a plea of guilty to the charged of-
fense. The plea was not accepted because of defen-
dant's failure to admit an element of the crime.
After conviction of the charged offense, defendant
was sentenced to a prison term of from 6 to 10
years.

This Court has frowned upon a trial judge's
participation in plea negotiations. *People v Ben-
nett,* 84 Mich App 408; 269 NW2d 618 (1978),
*People v Mathis,* 92 Mich App 670; 285 NW2d 414
(1979), *People v Dixon,* 103 Mich App 518; 303
NW2d 32 (1981), and the sentencing judge may not
consider a defendant's refusal to plead guilty in
imposing sentence. *People v Earegood,* 383 Mich
82, 84-85; 173 NW2d 205 (1970), *People v Travis,*
85 Mich App 297, 303; 271 NW2d 208 (1978).
Where a trial judge participates in plea negotia-
tions by offering a specific sentence in exchange
for a plea, a greater sentence imposed after a
conviction following a trial is susceptible to claims

* Circuit judge, sitting on the Court of Appeals by assignment.

that the trial judge considered the defendant's refusal to plead guilty in determining the sentence.

The trial court here did not indicate that it was imposing a higher sentence because defendant did not plead guilty. In imposing sentence, the trial court stated:

"I listened to your sad tale in '76 and put you on probation. And now you have blown that by virtue of this incident. Judge Elliott has given you three years four months to five years in the Michigan Department of Corrections.

"Your life has been real sad to hear you tell it anyway; downtrodden youth; always somebody has ruined your life. It was your wife's former husband that was ruining your life. Now her death, and you have got to be with your child.

"You have got more pitches than Carter has liver pills. If we still had the situation where we had these fellows that go around from town to town selling snake oil, you'd be selling snake oil, because that's exactly the kind of pitch you have given all the way through this.

"There are men over there in the county jail who have erred, and they have tried to straighten themselves out, and they have tried to tell themselves I'm going to straighten myself out. They don't spend their time looking for somebody to blame, like you have.

"It is apparent that every program you have been on; that you've found some excuse for not attending it, you have found some excuse for not going to any programs you have been referred to.

"There is no reason for me to consider probation whatsoever in this matter.

\*    \*    \*

"I might indicate before I give sentence that I received from Mr. Swirtz a request to deter sentence further.

\*    \*    \*

"And I'm not going to delay if further, because this is

merely another one of your games to try to delay facing the realities of life that you haven't been able to face."

The remarks do not show that the trial court considered defendant's failure to plead guilty in giving defendant a greater sentence than that offered during plea negotiations. The trial court obviously was considering all of the background information provided in the presentence investigation report. A resentencing is not justified.

The second allegation of error concerns the trial court's failure to instruct the jury on the elements of larceny. The trial court instructed the jury that defendant was charged with breaking and entering with intent to commit larceny and that defendant must have intended to commit the crime of larceny at the time he broke into and entered the building. No instruction was given on the elements of larceny. Defense counsel did not object.

Defendant was arrested on the evening of August 20, 1980, inside a car wash. The windowpane of the door was broken, and defendant was crouching behind a drinking fountain, wearing gloves and with blood on his hands. A hammer was found nearby. The office area was ransacked, with drawers open and papers strewn about. Blood was found near the cash register. Defendant had $306 in his possession. The owners of the car wash did not know how much, if any, money was missing. Defendant presented an intoxication defense to the specific intent element of the charge.

After retiring for deliberations, the jury submitted a note to the court asking if it could consider the breaking and entering with intent to commit larceny charge even if it felt that defendant did not get any money but had the intent. The trial court then realized that it had not defined larceny

and asked both counsel whether it should give the elements of larceny. The prosecution objected to the trial court's defining larceny. Defense counsel indicated that he had no objection to the trial court's intention merely to instruct that a completed larceny was not necessary for an act to constitute breaking and entering with the intent to commit larceny.

The trial court "should instruct the jury in criminal cases as to the general features of the case, define the offense and indicate that which is essential to prove to establish the offense, even in the absence of request". *People v Liggett,* 378 Mich 706, 714; 148 NW2d 784 (1967). Therefore, while the absence of a request or an objection normally precludes appellate review, error which requires reversal may be found where any charge omits an essential or material element of an offense. *People v Peoples,* 75 Mich App 616, 620; 255 NW2d 707 (1977).

In *People v Petrosky,* 286 Mich 397, 401; 282 NW 191 (1938), the charge was breaking and entering with intent to commit larceny. The trial court did not define larceny beyond stating that it was a taking with intent to steal and appropriate money to one's own use. The Supreme Court held that the instruction was not erroneous where the evidence at trial negatived any inference that the articles were taken with the owner's consent. In *Petrosky,* the defense was one of alibi. See, also, *People v MacPherson,* 323 Mich 438; 35 NW2d 376 (1949), *People v Kruper,* 340 Mich 114; 64 NW2d 629 (1954), *People v Rhinehart,* 70 Mich App 390; 245 NW2d 763 (1976).

While the trial court here, unlike the trial court in *Petrosky,* did not in any way define larceny, we do not find that error requiring reversal occurred

here. The communication of the jury indicated that it understood that defendant had to have intended to take the money.

Affirmed.

BEASLEY, P.J., concurred.

M. J. KELLY, J. *(dissenting).* This case is another example of the problems which may occur when a trial judge participates in the plea bargaining. In *People v Mathis,* 92 Mich App 670, 675; 285 NW2d 414 (1979), I expressed my concern about a trial court's participation in plea bargaining when I stated:

"This Court favors a nonparticipatory, passive approach to the plea bargaining process on the part of the trial bench. The trial judge should be called upon in open court to approve the plea bargain reached by the adversaries, but should not be the instigator of, nor the conduit for, negotiations. A defendant's right to trial is sacrosanct and his judge must be, and appear to be, impartial."

I expressed similar apprehension in *People v Bennett,* 84 Mich App 408; 269 NW2d 618 (1978), *lv den* 405 Mich 835 (1979).

A sentencing judge may not take into consideration defendant's refusal to plead guilty in determining the term of the sentence. *People v Earegood,* 383 Mich 82, 85; 173 NW2d 205 (1970), *Mathis, supra,* 672, *People v Travis,* 85 Mich App 297, 303; 271 NW2d 208 (1978).

In this case, the trial judge actively participated in the plea bargaining when he offered defendant a sentence of from 2-1/2 to 10 years if Rabb pled guilty. When defendant failed to plead, a trial was held during which defendant was convicted of breaking and entering with intent to commit lar-

ceny. Rabb was later sentenced to from 6 to 10 years imprisonment by the same judge who offered a lesser sentence if Rabb pled guilty.

The judge in this case was familiar with defendant's criminal record when he offered the lesser sentence during the plea bargaining. According to the judge, he had sentenced defendant on a prior occasion and knew of defendant's problem. The testimony about the facts surrounding the crime presented at the preliminary examination and trial were essentially the same. Finally, nothing new was stated on the record to justify the increase in the sentence. Since there was nothing to justify the increase in sentence, I would remand this case for resentencing before another judge.