## PEOPLE v. EAREGOOD.

1. CRIMINAL LAW—PLEA OF GUILTY—SENTENCING—DISCRETION.

   A sentence may not be enlarged or reduced depending upon the alacrity with which a defendant pleads guilty; therefore where a trial judge promised to deal more severely with defendants who first demanded a jury trial and later offered to plead guilty or waived a jury trial, and that judge subsequently sentenced defendant, the sentence must be set aside, for it is assumed the judge sentenced as promised.

2. CRIMINAL LAW — SENTENCING — APPEAL AND ERROR — RE-SENTENCING.

   Sentences, as a general rule, are not subject to review but a case may be sent back to the trial court for re-sentencing if the sentence was in some respect deficient, as where the judge has announced that he will consider something which it is improper for him to consider in imposing sentence.

3. CRIMINAL LAW—PLEA OF GUILTY—COERCION—RE-SENTENCING.

   Reversal of a conviction of crime based on a plea of guilty is not necessary to correct an error of the trial judge who threatened to sentence more severely if criminal defendants waited until the scheduled start of their trials to offer plea of guilty or waive jury trial, where a defendant did the very thing the judge tried to discourage by waiting until his case came up for trial to offer a plea, because the plea was not coerced by the threat of the judge; re-sentencing properly is sufficient to correct the error.

Appeal from Court of Appeals, Division 2, Quinn, P. J. and T. G. Kavanagh and Levin, JJ., reversing Genesee, Donn D. Parker, J.  Submitted November

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law §§ 533, 534.

6, 1969. (Calendar No. 19, Docket No. 52,181.)
Decided January 12, 1970.

12 Mich App 256, reversed.

William Joseph Earegood was convicted, on a
plea of guilty, of assault with intent to do great
bodily harm less than murder. Defendant appealed
to the Court of Appeals. Reversed and cause re-
manded for trial. The people appeal. Court of
Appeals reversed, and case remanded for re-sen-
tencing.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Paul G. Miller, Jr.,* As-
sistant Prosecuting Attorney, for the people.

*Pelavin & Pelavin,* for defendant on appeal.

PER CURIAM. On July 23, 1965, defendant and
two co-defendants were charged with armed robbery
and with assault with intent to commit murder. On
October 12, 1965, defendant appeared before the
trial judge at which time a call of the criminal
calendar took place. On that occasion, the judge
made the following statement:

"I think it is about time to make my usual an-
nouncement, gentlemen. The purpose of this call
is to get pleas. If you are going to plead or waive
a trial by jury now is the time to do it, so we can
schedule. The court has a long memory, and all
this goes on record, and when it comes time for sen-
tence, if you plead or waive a jury at the last minute,
*it is a factor I take into consideration in sentencing.*
I am sure you all know the risk." (Emphasis
added.)

On November 16, 1965, an amended information was filed charging defendant with assault with intent to do great bodily harm less than the crime of murder. Defendant pled guilty on the same date to this lesser included offense. On December 17, 1965, defendant was sentenced to a minimum of eight years and a maximum of ten years. The two charges originally filed against defendant carry sentences for life or for any term of years. MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797); MCLA § 750.83 (Stat Ann 1962 Rev § 28.278). The maximum term of imprisonment for the charge to which defendant did plead guilty is ten years. MCLA § 750.84 (Stat Ann 1962 Rev § 28.279).

Upon appeal to the Court of Appeals, the conviction and plea were set aside and the cause remanded for trial. (12 Mich App 256.) We granted leave. (381 Mich 787.)

Judge LEVIN wrote the majority opinion in the Court of Appeals. Commenting on the trial judge's statement, he wrote:

"As we read his remarks of October 12, 1965, the trial judge told all in the courtroom, including the defendant, that those who dilly-dallied in offering a guilty plea might expect to be dealt with more severely should they later decide to offer one. We take the judge at his word and assume he sentenced as he promised he would, and, thus, that Earegood's sentence was increased because he dawdled before pleading. Because a sentence may not be enlarged or reduced depending on the alacrity with which the defendant pleads guilty, the sentence must be set aside."

We agree with this holding of the Court of Appeals. It is, of course, impossible for a reviewing court to enter into the thought processes of a trial judge in imposing sentence upon a defendant; and,

as a general rule, sentences are not subject to review. Upon occasion, however, this Court has dealt with a variety of sentences. See *Moore* v. *Parole Board* (1967), 379 Mich 624, 639. The usual procedure has been to send the case back to the trial judge for re-sentencing if it was found that the sentence was in some respect deficient. We limit our holding in this case to the proposition that it is impermissible for a judge in imposing sentence to take into consideration as a factor in determining the term of the sentence the fact that defendant pled or waived a jury at the last minute and we remand for re-sentencing.

We do not consider the question as to whether the statement of the trial judge constituted an implicit promise-threat—an overt judicial action in the exaction of a plea of guilty—for the reason that defendant did not plead guilty when the statement was made, nor did he at any time plead guilty to the charges which had been filed against him at the time the judge made the statement. If the statement of the judge was overt judicial action to exact a plea of guilty, it is clear from the record in this case that defendant was not influenced by the same since the plea of guilty was not entered on October 12, 1965, when the judge made the statement, but rather on November 16, 1965, when jury criminal cases were brought on for trial. In other words, defendant did the very thing the judge told him not to do unless he wished the judge to take that act into account in passing sentence and defendant did not carry out the purpose of the October 12, 1965 call—"to get pleas"—by then entering a guilty plea.

We take judicial notice of the fact that the trial judge who imposed sentence in this case is no longer on the bench. Consequently, defendant must be re-

sentenced by another trial judge. In re-sentencing, the judge shall impose sentence after due and careful consideration of all of the factors which are proper to be taken into consideration upon imposing sentence, such as defendant's previous record, if any, the probation officer's report to the circuit judge, the nature and circumstances of the offense of which defendant is guilty, need of imprisonment as punishment or as a rehabilitative factor, etc. He shall give defendant credit for the time he has already served. Otherwise he shall not—either one way or the other—take into consideration the erroneous sentence which is hereby vacated.

The Court of Appeals is reversed insofar as it held that conviction and plea be set aside and the cause be remanded for trial. In lieu thereof, the sentence is set aside and the cause is remanded for re-sentencing.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred.

T. G. KAVANAGH, J., did not sit in this case.