PEOPLE v CROUCH

1. Criminal Law—Instructions to Jury—Harmless Error—Stat-
   utes.

   Claimed erroneous instructions can be no more than harmless
   error in a criminal case where there was no miscarriage of
   justice (MCLA 769.26).

2. Criminal Law—Argument to Jury—Right Against Self-Incrim-
   ination—Appeal and Error.

   Argument to a jury in a criminal case that a defendant should be
   penalized because he chose to exercise a constitutional right
   such as the right not to be compelled to give testimony against
   himself, constitutes grossly incurable and reversible error.

Appeal from Crawford, Dennis J. O'Keefe, J.
Submitted June 10, 1975, at Lansing. (Docket No.
19768.) Decided August 28, 1975.

Larry A. Crouch was convicted of buying, receiv-
ing or aiding in the concealment of stolen prop-
erty, and conspiracy to buy, receive or aid in the
concealment of stolen property. Defendant appeals.
Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *John B. Huss,*
Prosecuting Attorney (Prosecuting Attorneys Ap-
pellate Service, *Edward R. Wilson,* Director, and
*Dennis M. Powers,* Special Assistant Attorney
General, of counsel), for the people.

References for Points in Headnotes
[1] 75 Am Jur 2d, Trial §§ 628, 919.
[2] 21 Am Jur 2d, Criminal Law § 356.

*John A. Lydick,* Assistant State Appellate Defender, for defendant.

Before: ALLEN, P. J., and D. F. WALSH and O'HARA,* JJ.

PER CURIAM. This is an appeal of right from a jury verdict of guilty on a two-count information charging buying, receiving or aiding in the concealment of stolen property, MCLA 750.535; MSA 28.803, and conspiracy to commit the above offense. MCLA 750.157a; MSA 28.354(1).

The viable assignments of error are procedural. Two relate to claimed instructional error. We dispose of them under the harmless error statute.[1] The claimed erroneous instructions do not suggest that a miscarriage of justice occurred as a result thereof.

The third claimed error relates to impermissible argument by the prosecuting attorney. Such asserted error does not fall within the statute. We quote the relevant excerpt:

"Remember what Healy said? Healy said he copped out, he told them everything after he was arrested; he named names, he told them where he got the truck, how much he paid. He told them the whole story just like when I asked 'Did you tell them the whole story you told on the stand?' Now, why shouldn't that man receive something?"

\* \* \*

"Sometimes in order to get some testimony—I don't know whether we couldn't prove the charges, I wasn't in office at the time, I am not using that as an excuse, I am not criticizing anybody or anything—sometimes someone claims 'I am innocent, I didn't do it, I am not

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 769.26; MSA 28.1096.

guilty, I want a jury trial'; the other guy says 'Well, you have got me, I might as well tell you the whole story. He names places, he names dates, agrees to testify. Why shouldn't he be given a break? Anything wrong with that?

"Where is the justice? Let's look at it the other way. Who deserves the break, that man or a man who stands before you who was in police school, you heard him testify he was going to be a copy *[sic]*, he blew it all because he decided he was wrong, he blew a career, he blew a profession, he is out of police school because he stood up there two months ago and said 'I was wrong, I did it, I will take my punishment'. Now, where is the justice?

"Let's look at the value, let's not flip-flop them, let's keep them in prostectus [perspective]. Does Mr. Crouch deserve the same break that Mr. Healy deserved, Mr. Healy who cooperated fully with the State Police; who, after he was caught was man enough to stand up and say 'You are right, I did it.' "

The argument was totally impermissible and reversibly erroneous.

No one can be guaranteed a perfect trial. But everyone is entitled to a fair trial.

To argue to a jury that a defendant should, in effect, be penalized because he chose to exercise those rights guaranteed to him by the constitutions, Federal and state, is gross incurable error. See generally, *Griffin v California,* 380 US 609; 85 S Ct 1229; 14 L Ed 2d 106 (1965), *reh den* 381 US 957; 85 S Ct 1797; 14 L Ed 2d 730 (1965), and *People v Earegood,* 12 Mich App 256; 162 NW2d 802 (1968), *rev'd,* 383 Mich 82; 173 NW2d 205 (1970).

The judgment of conviction is reversed. The cause is remanded to the trial court for such action as there may properly ensue.