PEOPLE v BENNETT

Docket No. 27761. Submitted February 7, 1978, at Detroit.—Decided
July 5, 1978.

Luther Bennett was convicted of manslaughter in the Recorder's
Court for the City of Detroit, Henry Heading, J. His conviction
occurred in a retrial which took place 32 months after an
earlier prosecution ended in a mistrial. Defendant appeals,
claiming the denial of his right to a speedy trial. *Held:*

Four factors are used to balance a defendant's claim that he
has been denied a speedy trial: length of delay, reason for the
delay, the defendant's assertion of his right, and prejudice to
the defendant. Prejudice to the defendant is presumed after a
delay of 18 months. Such presumption is conclusive unless the
prosecutor demonstrates a lack of prejudice to the defendant.
An affirmative demonstration of prejudice to the defendant is
not necessary to prove a claim of denial of a speedy trial.
Unexplained delays in a defendant's trial are attributable to
the state. The defendant's right to a speedy trial was violated,
since the delay hindered both sides in their efforts to strike a
fair balance wherein all the relevant facts could be brought to
light. A trial judge may not participate in plea bargaining
negotiations.

Reversed and defendant discharged.

R. M. MAHER, J. concurs in the result reached by the major-
ity but would hold that a trial judge may participate in plea
bargaining negotiations.

OPINION OF THE COURT

1. CONSTITUTIONAL LAW—CRIMINAL LAW—SPEEDY TRIALS.
    The right of an accused to have a speedy criminal trial is

REFERENCES FOR POINTS IN HEADNOTES
[1, 4, 6–7] 21 Am Jur 2d, Criminal Law §§ 241, 242, 246, 247.
    Accused's right to speedy trial under Federal Constitution-Supreme
    Court cases. 21 L Ed 2d 905.
[2–7] 21 Am Jur 2d, Criminal Law §§ 251–254.
    Waiver or loss of accused's right to speedy trial. 57 ALR2d 302.
[5] 21 Am Jur 2d, Criminal Law § 245.
[8, 9] 21 Am Jur 2d, Criminal Law § 485.

guaranteed by both the Umited States and Michigan Constitutions (US Const, Am VI Const 1963, art 1, § 20).

2. CONSTITUTIONAL LAW—CRIMINAL LAW—SPEEDY TRIAL—BALANCING TEST—FACTORS.

A balancing test is employed in attempting to resolve whether a defendant's right to a speedy trial has been violated; such test considers the following four factors: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

3. CONSTITUTIONAL LAW—CRIMINAL LAW—SPEEDY TRIAL—DELAY—MISTRIALS—RETRIALS—PREJUDICE—PRESUMPTIONS.

Prejudice to a criminal defendant is presumed after a delay of 18 months in bringing the defendant to trial or where such time elapses between a mistrial and the defendant's retrial; such presumption is conclusive unless the prosecutor is able to demonstrate a lack of prejudice to the defendant.

4. CONSTITUTIONAL LAW—CRIMINAL LAW—TRIAL—SPEEDY TRIALS—PREJUDICE.

An affirmative demonstration of prejudice to the defendant is not necessary to prove a claim of denial of the constitutional right to a speedy trial.

5. CONSTITUTIONAL LAW—CRIMINAL LAW—TRIAL—UNEXPLAINED DELAYS—SPEEDY TRIALS.

Unexplained delays between a mistrial and the retrial of a criminal defendant are attributable to the state where the defendant claims the denial of his right to a speedy trial.

6. CONSTITUTIONAL LAW—CRIMINAL LAW—SPEEDY TRIALS—ASSERTION OF RIGHT.

A criminal defendant's assertion of his right to a speedy trial is only one of the factors to be considered in determining a denial of a speedy trial claim, although it is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right.

7. CONSTITUTIONAL LAW—CRIMINAL LAW—SPEEDY TRIALS—FACTS—TRUTH-SEEKING.

A criminal defendant's right to a speedy trial has been violated where a delay in his trial hinders both sides in their efforts to strike a fair balance wherein all the relevant facts can be brought to light; the purpose of a trial as a truth-seeking device is thereby thwarted for both sides.

8. CRIMINAL LAW—TRIAL—PLEA BARGAINING NEGOTIATIONS—JUDGE'S
PARTICIPATION.
A trial judge may not participate in plea bargaining negotiations.

CONCURRENCE IN PART, DISSENT IN PART BY R. M. MAHER, J.

9. CRIMINAL LAW—TRIAL—PLEA BARGAINING NEGOTIATIONS—JUDGE'S
PARTICIPATION—COURT RULES.
*A trial judge may participate in plea bargaining negotiations,
however, excessive entanglement by the judiciary and possible
retaliatory behavior, or even the appearance of it, cannot be
tolerated (GCR 1963, 785.7[2][a], [b] and [4][b]).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Daniel J. Petrella,*
Assistant Prosecuting Attorney, for the people.

*Jane Burgess,* for defendant.

Before: M. J. KELLY, P. J., and T. M. BURNS and.
R. M. MAHER, JJ.

M. J. KELLY, P. J. Defendant was charged with
first-degree (premeditated) murder, MCL 750.316;
MSA 28.548, and convicted in October, 1975 by a
Detroit Recorder's Court jury of manslaughter,
MCL 750.321; MSA 28.553. (An earlier prosecution
in February, 1973, ended in a mistrial.) A co-defendant, Samuel Daniels, was acquitted. Defendant was sentenced to 5 to 15 years in prison, with
228 days credit for time served and now appeals of
right.

Defendant argues that he was denied his right
to a speedy trial, US Const, Am VI, Const 1963,
art 1, § 20, because of a 32-month delay between
the mistrial and retrial. We agree.

In *Barker v Wingo,* 407 US 514, 530; 92 S Ct

2182, 2192; 33 L Ed 2d 101, 117 (1972), the United
States Supreme Court adopted a balancing test of
four factors for determining whether there has
been a violation of the right to a speedy trial. The
four factors are: (1) Length of delay; (2) Reason for
the delay; (3) Defendant's assertion of his right;
and (4) Prejudice to the defendant. The Michigan
Supreme Court has adopted the same test. *People
v Grimmett,* 388 Mich 590, 601–606; 202 NW2d
278 (1972). See also *People v Debreczeny,* 74 Mich
App 391, 396; 253 NW2d 776 (1977).

The record establishes a delay of about 32
months between the mistrial and defendant's re-
trial. This delay is much too long absent a proper
explanation. *People v Chism,* 390 Mich 104, 112;
211 NW2d 193 (1973). Prejudice is presumed after
an 18-month delay. *People v Grimmett, supra,* at
606. The presumption is conclusive unless the
prosecutor is able to demonstrate lack of prejudice
to the defendant. Even so, "an affirmative demon-
stration of prejudice [is not] necessary to prove a
denial of the constitutional right to a speedy tri-
al". *Moore v Arizona,* 414 US 25, 26; 94 S Ct 188,
189; 38 L Ed 2d 183, 185 (1973), *citing Barker v
Wingo, supra.*

A review of the instant record indicates that the
prosecution has caused, or has not been able to
adequately explain the reason for, the delay of at
least 20 of the 32 months. Unexplained delays are
attributable to the state. *People v Giles,* 48 Mich
App 466, 469; 210 NW2d 515 (1973).

Defendant did not expressly assert his right to a
speedy trial. This is only one factor to be consid-
ered in determining a denial of a speedy trial
claim, although it is "entitled to strong eviden-
tiary weight in determining whether the defend-
ant is being deprived of the right". *Barker v*

*Wingo, supra,* at 531–532.[1] The record indicates
that defendant was not responsible for at least 20
of the 32-month delay, and thus, any reliance on
defendant's failure to assert his right as being a
waiver of that right is greatly reduced. *Barker v
Wingo, supra,* at 529. We note some pertinent
language from the *Barker* court which further
dilutes the impact of defendant's failure to assert
his right to a speedy trial in the instant case:

"A defendant has no duty to bring himself to trial;
the State has that duty as well as the duty of insuring
that the trial is consistent with due process. Moreover
* * * society has a particular interest in bringing swift
prosecutions, and society's representatives are the ones
who should protect that interest." (Footnotes omitted.)
407 US at 527.

Furthermore, a couple of defense witnesses, who
had testified during the mistrial that defendant's
killing of the victim was justified or mitigated,
became unavailable at the retrial. While their
mistrial testimony was read to the jury at the
retrial it likely was less effective than listening to
live testimony. On the other hand, a prosecution
witness who was the only one to claim to have
seen the defendant shoot the victim was also una-
vailable at the retrial.

These are two examples of where the parties
were both benefitted and prejudiced by the delay.

It is not our function to balance the sides and
see which side benefitted the most in determining
whether to find a violation of defendant's right to
a speedy trial. It is enough to find that both sides

---

[1] The *Barker* Court stated: "We emphasize that failure to assert the
right will make it difficult for a defendant to prove that he was
denied a speedy trial."

are hindered in their efforts to strike a fair balance wherein all the relevant facts can be brought to light. The purpose of a trial as a truth-seeking device is thwarted for both sides. If convicted it will be difficult to vindicate the process for the defendant who suffers from any inadequacy in the fact-finding function of the trial proceeding.

Therefore, we hold that the defendant has been deprived of his right to a speedy trial. Defendant's conviction is reversed and he is discharged.

We briefly discuss two other issues which deserve to be mentioned.

Defendant's argument that his retrial after a mistrial because of a hung jury placed him in double jeopardy is erroneous for the reasons set forth in *People v Hoffman,* 81 Mich App 288; 265 NW2d 94 (1978), *citing United States v Dinitz,* 424 US 600; 96 S Ct 1075; 47 L Ed 2d 267 (1976).

Finally, we strongly disapprove of the trial court's offer of probation to the defendant in the plea negotiations. The trial court should not actively participate in the plea bargaining negotiations. See *People v Earegood,* 12 Mich App 256, 265–267, 277; 162 NW2d 802 (1968), *rev'd on other grounds,* 383 Mich 82; 173 NW2d 205 (1970), ABA Guilty Plea Standard 3.3(a). It is our opinion that the appearance of impartiality requires a passive role in the plea bargaining process.

While the Michigan court rule does not expressly prohibit the trial judge from participating in the plea bargaining negotiations, GCR 1963, 785.7(2)(a),(b) and (4)(b), we think the better rule is found in Rule 11 of the Federal Rules of Criminal Procedure which expressly prohibits the court from participating in plea negotiations. FR Crim P 11(e). See generally *United States v Werker,* 535

F2d 198 (CA 2, 1976), *Griffith v Wyrick,* 527 F2d 109 (CA 8, 1975).

Reversed and the defendant is discharged.

T. M. BURNS, J., concurred.

R. M. MAHER, J. *(concurring in part, dissenting in part).* I concur in the result reached by my colleagues, but cannot agree with their comments as to trial court participation in plea negotiations. In this case, I disapprove of the manner in which the trial court offered probation to the defendant in the plea negotiations and subsequently expressed his strong displeasure that the defendant did not accept the bargain.

The court rules do, however, permit the judge to participate in the plea taking negotiations, GCR 1963, 785.7(2)(a), (b) and (4)(b), and I do not think it impermissible for the judge to participate even more extensively than is mentioned in the rules. There is nothing forbidding it. But excessive entanglement by the judiciary and possibly retaliatory behavior, or even the appearance of it, I must agree, cannot be tolerated.