PEOPLE v RANDLE

Docket No. 48378. Submitted December 16, 1980, at Detroit.—Decided February 18, 1981. Leave to appeal applied for.

Walter Randle was convicted of delivery of heroin, Recorder's Court of Detroit, Vera Massey Jones, J. Defendant, in addition to the delivery charge, was also charged with possession of heroin. Both cases were assigned to the same trial court. After the defendant was convicted of delviery the trial court read the presentence report and determined that a 10 to 20 year prison sentence would be appropriate. Before sentencing occurred, however, a meeting was held between the trial court and defense counsel. At the meeting, the trial court agreed to reduce the 10 to 20 year sentence to 5 to 20 years in the delivery case if the defendant would plead guilty to the pending possession charge. It was also agreed that the defendant would receive a concurrent and lesser sentence for the guilty plea conviction of possession. In the event the defendant chose not to plead guilty to the possession charge, the trial court indicated that he would receive the 10 to 20 year prison sentence for the delivery conviction, as earlier determined. Defendant declined the offer. He stated that he was not guilty of the possession charge and refused to plead guilty in order to receive the reduced sentence. At sentencing, the defendant reiterated that he had refused to plead guilty in the possession case because he was innocent. The trial court stated that it considered the defendant's past record and the presentence report in imposing the sentence of 10 to 20 years in prison. Subsequently, the possession charge was dismissed. Defendant appeals. *Held:*

Consideration of defendant's refusal to plead guilty to criminal activity was improper.

Remanded for resentencing before a different judge.

BEASLEY, J., concurred in the result, noting that the judge participated in the sentence bargaining to such an extent as to

REFERENCES FOR POINTS IN HEADNOTE

[1] 21 Am Jur 2d, Criminal Law §§ 584, 585.

Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

seem to prejudice the basis for the sentence eventually imposed.

CRIMINAL LAW — SENTENCING.

A trial court has wide latitude in sentencing a defendant and may consider his previous convictions, admissions and other public records germane to his propensity toward rehabilitation; however, the court may not take into consideration the defendant's failure to admit guilt either before or after conviction or his failure to confess to other possible criminal behavior in sentencing him.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Edward Reilly Wilson,* Principal Attorney, Appeals (by *Timothy O. Baughman),* for the people.

*Susan J. Smith,* Assistant State Appellate Defender, for defendant on appeal.

Before: CYNAR, P.J., and BASHARA and BEASLEY, JJ.

PER CURIAM. Defendant was convicted by a jury of delivery of heroin, MCL 333.7401; MSA 14.15(7401). He was sentenced to a prison term of 10 to 20 years. A motion for resentencing was denied.

Defendant alleges that the trial court erred in considering his refusal to plead guilty to another charge when imposing the sentence at bar. We agree and remand for resentencing.

The record is before us on stipulated facts, which have been verified by an affidavit of the trial judge. The defendant, in addition to the delivery charge in the instant case, was also charged with possession of heroin. Both cases were assigned to the same trial court. After the defendant was convicted in the case at bar, the trial court

read the presentence report and determined that a 10 to 20 year prison sentence would be appropriate.

Before sentencing occurred, however, a meeting was held between the trial court and defense counsel. At the meeting, the trial court agreed to reduce the 10 to 20 year sentence to 5 to 20 years in the delivery case if the defendant would plead guilty to the pending possession charge. It was also agreed that the defendant would receive a concurrent and lesser sentence for the guilty plea conviction of possession. In the event the defendant chose not to plead guilty to the possession charge, the trial court indicated that he would receive the 10 to 20 year prison sentence for the delivery conviction, as earlier determined.

Defendant consulted with counsel and decided to decline the offer. He stated that he was not guilty of the possession charge and refused to plead guilty in order to receive the reduced sentence.

At sentencing, the defendant reiterated that he had refused to plead guilty in the possession case because he was innocent. The trial court stated that it considered the defendant's past record and the presentence report in imposing the sentence of 10 to 20 years in prison.

Subsequently, the possession charge was dismissed. The reason for dismissal is not stated in this record.

There are no cases addressing the issue based upon this scenario. Generally, the trial court has wide latitude in sentencing the defendant and may consider defendant's previous convictions, admissions and other public records germane to his propensity toward rehabilitation. *People v Grimmett,* 388 Mich 590, 608; 202 NW2d 278 (1972), *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974).

It is also well settled in Michigan, however, that the defendant's refusal to admit guilt to the crime charged, either before or after conviction, is not a proper factor in setting sentence. *Grimmett, supra, People v Earegood,* 383 Mich 82; 173 NW2d 205 (1970), *People v Bottany,* 43 Mich App 375; 382-385; 204 NW2d 230 (1972). Moreover, the court may not aggravate the sentence imposed because the defendant has failed to confess to the other possible criminal behavior. *People v Westerfield,* 71 Mich App 618; 248 NW2d 641 (1976), *People v Zachery Davis,* 41 Mich App 683; 200 NW2d 779 (1972).

Review of the case law as a whole leads us to conclude that the defendant was improperly sentenced. The fact that the defendant was offered a "reward" after the sentence was determined rather than a "punishment" of a more severe sentence for noncompliance with the offer is not significant. Another panel of this Court reversed a sentence where the trial court informed the defendant that, in the event he pled guilty, he might be given a sentence "less than deserved" in exchange for saving the prosecutor the risk of a not guilty verdict. *People v Travis,* 85 Mich App 297; 271 NW2d 208 (1978). Also see, *People v Bennett,* 84 Mich App 408; 269 NW2d 618 (1978).

The prosecutor argues that the trial court did not, in fact, consider the defendant's refusal to plead guilty in setting the sentence. The court's affidavit indicates that the 10 to 20 year prison sentence had been determined prior to the negotiations at issue. The court also stated on the record that the presentence report and defendant's past criminal record were the factors considered. No response was given to defendant's assertion at sentencing that he was not guilty of the possession

charge. We find that the court's offer of a reduced sentence in exchange for the guilty plea is evidence of the fact the judge thought the possession plea was an appropriate consideration in determining the ultimate sentence. This error requires that the defendant be resentenced.

Defendant's allegations of trial error are without merit. *People v Van Camp,* 356 Mich 593; 97 NW2d 726 (1959), MCL 768.18; MSA 28.1041, MRE 615, *People v Buero,* 59 Mich App 670, 682; 229 NW2d 880 (1975), *People v Trupiano,* 97 Mich App 416; 296 NW2d 49 (1980).

Remanded for resentencing before a different judge.

BEASLEY, J. *(concurring in result only).* I concur in the result reached by the majority.

The trial judge involved herself in sentence bargaining involving both this and another separate case to such an extent as to seem to prejudice the basis for the sentence that she eventually imposed. If trial judges are to avoid appellate review of sentences (which I consider a desirable result), they had best refrain from this type of sentence bargaining.