PEOPLE v LANCE

Docket No. 51747. Submitted May 6, 1981, at Lansing.—Decided
.   November 16, 1981.

Charles D. Lance was charged with kidnapping. At a pretrial
conference in Genesee Circuit Court, Judge Earl E. Borradaile
offered to sentence defendant to 10 to 20 years if he pled guilty.
Defendant refused to plead guilty and demanded a jury trial.
After the trial had begun and a number of witnesses had
testified, defendant decided to reconsider his decision to go to
trial. During the discussion of the possibility of defendant's
offering a plea of guilty, the trial judge indicated that, of the
five codefendants who had already been tried, he had sentenced
two of them to terms of 10 to 20 years. The trial judge again
indicated that he would sentence defendant to a 10- to 20-year
term if he pled guilty. Defendant pled guilty and was sentenced
to a prison term of from 10 to 20 years. Defendant appeals.
*Held:*

1. The record fails to establish that the sentence offer consti-
tuted a promise-threat intended to induce the defendant to
plead guilty. Further, even if that promise of the trial judge
were characterized as a promise-threat, it is clear that the
judge's statement did not induce the defendant to enter his
plea of guilty. It would appear that the plea was induced by the
testimony of the complainant and the fact that his five codefen-
dants had already been convicted.

2. The failure of the trial court to inform the defendant of

_____

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 470.

[2] 21 Am Jur 2d, Criminal Law §§ 475, 477, 480.

Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.

Construction and application of Rule 11[c] of Federal Rules of
Criminal Procedure, as amended in 1975, requiring court to give
certain advice to defendant before accepting plea of guilty or nolo
contendere. 41 ALR Fed 874.

[3] 21 Am Jur 2d, Criminal Law § 483.

Judge's participation in plea bargaining negotiations as rendering
accused's guilty plea involuntary. 10 ALR4th 689.

the sentencing consequences of a guilty plea as to one who is on probation or parole or who has prior felony convictions does not mandate reversal since the defendant acknowledged on the record that he was not on probation or parole and that he had no prior felony convictions.

Affirmed.

M. J. KELLY, P.J., concurred in a separate opinion. While he concurs in the affirmance herein on the basis that the trial judge did not use the sentence promise as a threat, he would emphasize that it is poor judicial practice for a trial court to actively participate in plea-bargaining negotiations.

### OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — COERCION.

A plea of guilty will not be reversed on the basis that the trial court's promise at a pretrial conference regarding the sentence that would be imposed if defendant pled guilty constitutes a "promise-threat" which coerced the guilty plea where the defendant thereafter goes to trial and during the trial seeks and is permitted to enter a guilty plea and it appears that, even if the statement is characterized as a promise-threat, the judge's statement did not induce the guilty plea.

2. CRIMINAL LAW — GUILTY PLEAS — COURT RULES.

A plea of guilty will not be reversed on the basis of the failure to inform the defendant of the sentencing consequences of a guilty plea as to one who is on probation or parole or who has prior felony convictions where the defendant acknowledged on the record that he was not on probation or parole and that he had no prior felony convictions (GCR 1963, 785.7).

### CONCURRENCE BY M. J. KELLY, P.J.

3. CRIMINAL LAW — PLEA BARGAINING — JUDICIAL FUNCTION.

*A trial judge should not actively participate in plea-bargaining negotiations; the trial judge should be called upon in open court to approve the plea bargain reached by the adversaries but should not be the instigator of, nor the conduit for, negotiations.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Parker & Buckley,* for defendant.

Before: M. J. KELLY, P.J., and BRONSON and R. M. DANIELS,* JJ.

BRONSON, J. Defendant pled guilty in the Genesee County Circuit Court to kidnapping, MCL 750.349; MSA 28.581. He was sentenced to serve a term of 10 to 20 years' imprisonment.

Defendant's primary claim on appeal is that the plea must be deemed involuntary due to the excessive intervention of the trial court into the plea-bargaining process. Defendant argues that his plea was a result of an impermissible "promise-threat" made by the trial court.

At a pretrial conference, the trial judge offered to sentence defendant to 10 to 20 years, if he pled guilty. Whether this offer was made originally by the court or originated as a sentence recommendation by the prosecutor is not clear on this record. Defendant refused to plead guilty and demanded a jury trial. Trial commenced on February 5, 1980. However, after trial began, and after a number of prosecution witnesses had testified, including the victim, defendant decided to reconsider his decision to go to trial. The jury was excused, and the possibility of defendant's offering a plea was discussed. Just prior to the taking of defendant's plea, the court stated:

"And, I had given, as I just said here in open court with you present, I had given three of the five that had gone through the previous trial a life sentence, which means there could be no consideration of parole before ten years are up. And, I had given Taxi and Crazy 10 to 20 years.

"And, I had indicated when we talked at an informal

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pre-trial conference, I indicated if you would plead I would give you 10 to 20. That would be the only offer I would make in terms of a sentence, do you understand that?"

We interpret this statement to mean that five co-felons were tried together, all were found guilty, three received life sentences, and two received terms of imprisonment of 10 to 20 years.

Defendant contends that the trial court's handling of his plea constituted an implicit "promise-threat" in which the court was pressuring him to plead guilty or receive a harsher sentence. While our conclusion might be different if the record supported the proposition that all of the co-felons who went to trial received life sentences, as we read the record, defendant knew that two of his five cohorts who went to trial received the same sentence he was being offered. Thus, we cannot agree that defendant only pled guilty to avoid a certain life sentence if he was convicted by the jury.

Defendant suggests that an implicit promise-threat atmosphere carried over from the pretrial conference through the presentation of the prosecution's case at trial and influenced his decision to plead guilty. We think it is more likely that, after the testimony of the victim, the defendant could see the writing on the wall and thus decided to plead guilty, taking a certain 10-year minimum sentence and avoiding the possibility of a much more severe sentence. If the so-called "promise-threat" really weighed oppressively on defendant's mind, he would have pled guilty before trial and not only after the complainant had testified. We believe the prosecutor and the trial judge gave defendant a break by not insisting on completion of the trial.

If the trial judge said anything which can be characterized as constituting a promise-threat, and we do not believe he did, we conclude that, just as in *People v Earegood,* 383 Mich 82, 85; 173 NW2d 205 (1970), this statement was not what induced the plea of guilty. Instead, the complainant's testimony and defendant's knowledge that five co-felons had already been convicted for their parts in this abhorrent incident constituted the catalysts which induced the plea.

Defendant also asserts that his conviction must be reversed because the trial court failed to tell him about the consequences of a guilty plea when previous felony convictions, probation or parole are involved. In response to the court's queries, defendant stated that he was neither on probation nor parole and that he had no prior felony convictions. Appellate counsel acknowledges that defendant's responses were correct. In *Guilty Plea Cases,* 395 Mich 96, 119; 235 NW2d 132 (1975), in a matter involving similar facts, the Supreme Court resolved this very issue adversely to defendant's contention. See, also, *People v Lendzian,* 80 Mich App 323; 263 NW2d 360 (1977).

Affirmed.

R. M. DANIELS, J., concurred.

M. J. KELLY, P.J. *(concurring).* I concur in the result reached by Judge BRONSON. I write only to express some discomfiture with the extent to which the trial court participated in the plea-bargaining scenario here. Defendant's appellate brief states:

"Lance was given the message loud and clear by the person from whom the sentence would come that a plea

would result in 10 to 20, but if the trial continued, any number of years up to life was a clear possibility."

If that were the case, then the promise-threat scenario referred to in *People v Earegood,* 12 Mich App 256; 162 NW2d 802 (1968), *rev'd on other grounds* 383 Mich 82; 173 NW2d 205 (1970), would become ostensible precedent for reversal.

Since *Earegood, supra,* this Court has continued to express its disapproval of the trial court's indiscriminate participation in the plea-bargaining process. *People v Dixon,* 103 Mich App 518, 524; 303 NW2d 32 (1981), *People v Mathis,* 92 Mich App 670, 674-675; 285 NW2d 414 (1979), *People v Bennett,* 84 Mich App 408, 413; 269 NW2d 618 (1978), *lv den* 405 Mich 835 (1979). In *Mathis, supra,* 674-675, this Court wrote:

"This case presents a good example of difficulties which can arise when a trial judge actively participates in the plea bargaining process. We have said in dicta that trial courts should not actively participate in plea bargaining negotiations. *People v Bennett,* 84 Mich App 408; 269 NW2d 618 (1978), *lv den* 405 Mich 835 (1979). We are well aware that in an overburdened high-crime population center trial courts are disposed to accept plea bargains involving favorable sentence considerations to defendants in advance of trial. Our concern is with the extent of the trial judge's participation in such negotiations. This Court favors a nonparticipatory, passive approach to the plea bargaining process on the part of the trial bench. The trial judge should be called upon in open court to approve the plea bargain reached by the adversaries, but should not be the instigator of, nor the conduit for, negotiations. A defendant's right to trial is sacrosanct and his judge must be, and appear to be, impartial."

Either the active participation in plea bargaining is poor judicial practice or it is not. I think it is

poor practice. I think a sentence offer made by a
trial judge at a pretrial conference in exchange for
defendant's plea of guilty is coercive and should be
discouraged. It carries an implied threat that, if he
does not plead and is later found guilty, he will
receive a harsher sentence. In cases where such a
practice is supported by the record, I think rever-
sal is required. Until the Supreme Court speaks to
this issue, I think that trial judges would be well
advised to follow *Mathis, supra,* and *Bennett, su-
pra.*

In the case at bar, it is not clear that such a
threat was made by implication or otherwise. This
case was assigned to the trial court because three
cases arising out of the same facts were handled
by the same judge. It should be noted that the
crime for which this defendant was convicted in-
volved the kidnapping of a victim and then trans-
porting her into a motorcycle club where some 14
or 15 hooligans participated in criminal sexual
misconduct on the victim. How many cases were
actually tried or pleas taken arising out of that
misconduct before this case neither the record nor
the briefs reveal. We do know that five co-defen-
dants were sentenced, but that is all that is sup-
ported by the record.

Prior to trial, a pretrial conference was held but
no pretrial summary is contained in the file. How-
ever, an unsigned handwritten note does appear
stating, "no offers—will go to trial—prosecutor will
furnish conviction records of nonpolice witnesses".
During the plea proceedings, the trial judge men-
tioned a trial of a number of co-defendants. He
stated that three co-defendants were sentenced to
life while two received 10- to 20-year sentences. It
is not clear from the transcript whether the two
co-defendants who were sentenced to lesser terms

had pled guilty. If this were the case, it could be seen as a threat that, if defendant continued with his trial, the judge would sentence him to life if he were found guilty. This would be unacceptable intrusive participation in the plea-bargaining process by the trial judge. However, because the record reflects no such scenario and no motion to set aside the plea on such grounds was made, I concur in the affirmance of defendant's conviction.