## PEOPLE v DAVIS (AFTER REMAND)

Docket No. 62548. Submitted November 4, 1982, at Grand Rapids.—
Decided February 25, 1983. Opinion after remand filed October
11, 1983.

Douglas C. Davis, Jr., was convicted, on his plea of guilty but
mentally ill, of arson of real property, St. Joseph Circuit Court,
James E. Hoff, J. Defendant appealed and the Court of Appeals
remanded for an evidentiary hearing to establish the reasons
for the approximately 31-month delay between defendant's
arrest and his plea. 123 Mich App 553 (1983). Upon examina-
tion of the record developed on remand, the Court *held:*

The Court of Appeals, in evaluating the reason for a delay of
trial, considers whether the delay is attributable to the defen-
dant or the prosecution. In this case approximately 16-1/2
months of the delay is unexplained, and therefore chargeable to
the prosecution. Under the circumstances, defendant was de-
nied his right to a speedy trial.

Reversed, and defendant discharged.

1. CRIMINAL LAW — SPEEDY TRIAL — GUILTY PLEAS.

A claim of denial of the right to a speedy trial is not waived by a
guilty plea.

2. CRIMINAL LAW — SPEEDY TRIAL.

Four factors are considered when analyzing a claim of a denial of
speedy trial: (1) length of delay, (2) reason for delay, (3) the
defendant's assertion of his right to a speedy trial, and (4)
prejudice to the defendant.

3. CRIMINAL LAW — SPEEDY TRIAL — DELAY OF TRIAL.

Unexplained delays in bringing a defendant to trial are attribut-
able to the state.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 473, 490.
    21A Am Jur 2d, Criminal Law §§ 865-867.
[2] 21A Am Jur 2d, Criminal Law § 853.
[3] 21A Am Jur 2d, Criminal Law §§ 859, 863.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert Cares,* Prosecuting Attorney, and *Jeanette L. Jackson,* Assistant Prosecuting Attorney, for the people.

*William D. Welty,* for defendant on appeal.

### AFTER REMAND

Before: MACKENZIE, P.J., and R. M. MAHER and C. W. SIMON,* JJ.

PER CURIAM. This case is before us on resubmission from the trial court after an evidentiary hearing to determine the reasons for the delay in the prosecution of the defendant.

The defendant pled guilty to arson of real property, MCL 750.73; MSA 28.268, and was sentenced to from six and one-half to ten years imprisonment. He appealed his conviction to this Court, arguing, *inter alia,* that he was denied his right to a speedy trial. In our first opinion, we held that a claim of denial of the right to a speedy trial is not waived by a guilty plea, *People v Davis,* 123 Mich App 553, 559; 332 NW2d 606 (1983), and proceeded to the merits of defendant's claim.

Our inquiry into defendant's claim was hampered, however, by an incomplete record. As we noted in our earlier opinion, there is a four-factor analysis of a denial of speedy trial claim. The court must consider: (1) length of delay, (2) reason for delay, (3) the defendant's assertion of his speedy trial right, and (4) prejudice to the defendant. On the record before us at that time, we were able to evaluate only the first, third, and fourth factors. We found that the delay—which

---

* Circuit judge, sitting on the Court of Appeals by assignment.

exceeded 31 months—was presumptively prejudicial [factor (1)] and that the prosecution had not carried its burden of showing that the defendant was, in fact, not prejudiced by the delay [factor (4)]. We also found that, although the defendant had not asserted his right to a speedy trial [factor (3)], that fact was not to be weighed too heavily in the balance of factors in light of the defendant's psychological condition. The record, however, failed to disclose the reason for the delay in the prosecution. We remanded the case to the trial court "to conduct an evidentiary hearing and make findings of fact as to the reasons for the delay in the defendant's prosecution". 123 Mich App 560. With the transcript of that evidentiary hearing and the trial court's findings of fact now before us, we are able to reconstruct the sequence of events from defendant's arrest to his plea of guilty.

The defendant was arrested in June, 1978. He was given a preliminary examination on June 29, 1978, and bound over to circuit court. Within ten days, defendant filed a notice of insanity defense. On July 10, 1978, the trial court ordered the defendant committed for diagnostic examination to determine his competency to stand trial and his responsibility for the offense. The defendant was admitted to the Kalamazoo Regional Psychiatric Hospital on August 30, 1978,[1] due to behavioral problems. He remained in that facility until July 6, 1979. On that date, the defendant escaped while on a therapeutic outing. The defendant returned on February 8, 1980. He was discharged on February 29, 1980, but was readmitted on March 12,

---

[1] In our earlier opinion, we incorrectly stated the date of dependent's admission to Kalamazoo Regional Psychiatric Hospital as September 17, 1978.

1980. By June 26, 1980, it had become apparent that the defendant had not been given a forensic examination and, on that date, the trial court ordered a second commitment for diagnostic examination. The psychiatric report was filed on September 8, 1980, and, on that day, the defendant was found incompetent after a hearing. An order adjudicating the defendant not competent to stand trial was entered on September 17, 1980. Six days later, the defendant was transferred from the Kalamazoo Regional Psychiatric Hospital to the Center for Forensic Psychiatry for treatment. Defendant was later re-examined for competency and, on December 17, 1980, the trial court entered an order finding him competent to stand trial. On March 10, 1981, the defendant pled guilty, but mentally ill, to a charge of arson of real property.

In evaluating the reason for the delay, we consider whether the delay is attributable to the defendant or the prosecution. See *People v Chism,* 390 Mich 104, 112-113; 211 NW2d 193 (1973). Approximately 31 months elapsed between defendant's arrest and his plea of guilty. It is clear that during the bulk of that time—about 23-1/2 months —the defendant was waiting for his forensic examination. Of that period, seven months—namely, the time the defendant was away on unauthorized leave—are attributable to the defendant. But the remaining delay—about 16-1/2 months—remains unexplained. "Unexplained delays are attributable to the state." *People v Bennett,* 84 Mich App 408, 411; 269 NW2d 618 (1978). We conclude, therefore, that more than half of the total delay is chargeable to the people.

Far too much of the delay in defendant's prosecution is attributable to the state. In light of our evaluation of the other factors set out in our

earlier opinion, we hold that the defendant was denied his right to a speedy trial.

The defendant's conviction is reversed and he is discharged.

Reversed.