*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JERRY JOHN SWANTEK,

        Defendant-Appellant.

UNPUBLISHED
January 16, 2020

No. 347203
Ingham Circuit Court
LC No. 15-000419-FC

Before: TUKEL, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

        Defendant, Jerry John Swantek, appeals by right the judgment of sentence entered after his second jury trial for his convictions of assault with a dangerous weapon (felonious assault), MCL 750.82(1), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). After a previous trial in this matter, defendant was convicted of felonious assault and felony-firearm and was sentenced to serve 24 months of probation for felonious assault and 24 months in prison for felony-firearm. This Court remanded to the trial court for a new trial, holding that the trial court abused its discretion by failing to instruct the jury on defendant's theory of self-defense.[1] Following the second trial, defendant was again convicted of both offenses and was sentenced to serve six months in the county jail and 18 months of probation for felonious assault, to be served consecutively to 24 months' imprisonment for felony-firearm. Defendant argues that the jail term imposed for felonious assault following retrial is an improper vindictive sentence. We agree and reverse his sentence and remand for resentencing.

## I. BASIC FACTS

---

[1] *People v Swantek*, unpublished per curiam opinion of the Court of Appeals, issued November 30, 2017 (Docket No. 334451), p 6.

This case arose out of a road rage incident that ultimately resulted in the defendant firing six shots at the victim. Defendant claimed that it was done in self-defense. At his sentencing following retrial, defendant argued that nothing had changed between his first trial and his second trial other than that defendant had invoked his constitutional rights. Defendant argued that before trial, and during his incarceration between the two trials, defendant had exhibited exemplary behavior. The trial court stated that even after reading this Court's opinion it felt the self-defense instruction was "specious." It noted that the offense was serious and that we "[c]an't just have people going around shooting at people." The court noted that defendant had not simply drawn a gun, but had instead drawn the gun and intentionally fired it multiple times into someone else's vehicle, then attempted to hide his vehicle.

## II. VINDICTIVE SENTENCE

### A. STANDARD OF REVIEW

An argument that a sentence is vindictive implicates a defendant's constitutional rights. See *Michigan v Payne*, 412 US 47, 50; 93 S Ct 1966; 36 L Ed 2d 736 (1973); *People v Brown*, 294 Mich App 377, 389; 811 NW2d 531 (2011). This Court reviews constitutional issues de novo. *People v Bosca*, 310 Mich App 1, 56; 871 NW2d 307 (2015).

### B. ANALYSIS

Defendant argues that the imposition of jail time for his felonious assault conviction following his second trial was an improper vindictive sentence imposed in retaliation for exercising his rights. We agree that the imposition of a jail sentence was presumptively vindictive and that the presumption of vindictiveness was not overcome. However, this issue is moot because defendant has already fully served the six-month jail sentence.

"A sentencing court cannot base its sentence on a defendant's decision to exercise his constitutional right to a jury trial." *Brown*, 294 Mich App at 389, citing *People v Earegood*, 383 Mich 82, 85; 173 NW2d 205 (1970). "[V]indictiveness against a defendant for having exercised his rights to appeal or to attack his conviction collaterally . . . must play no part in the sentence [a defendant] receives after a new trial." *Payne*, 412 US at 50, quoting *North Carolina v Pearce*, 395 US 711, 725; 89 S Ct 2072; 23 L Ed 2d 656 (1969), overruled in part on other grounds by *Alabama v Smith*, 490 US 794; 109 S Ct 2201; 104 L Ed 2d 865 (1989) (quotation marks omitted; alterations in *Payne*). "[F]undamental notions of fairness embodied within the concept of due process absolutely preclude the imposition of sentences based upon such a retaliatory motivation." *Payne*, 412 US at 50 (quotation marks and citations omitted.) Penalizing a person who has exercised his or her constitutional rights "would be patently unconstitutional." *Pearce*, 395 US at 724 (quotation marks and citation omitted).

When the same judge resentences a defendant and increases the sentence, the increased sentence is presumptively vindictive. *People v Mazzie*, 429 Mich 29, 35; 413 NW2d 1 (1987). A trial court judge cannot overcome the presumption of vindictiveness by referring to a new piece of information that is minor and has no relevance to a fair or appropriate sentence. *Id*. at 36. A trial judge may, however, impose a new sentence "in the light of events subsequent to the first trial that may have thrown new light upon the defendant's life, health, habits, conduct, and

mental and moral propensities." *Pearce*, 395 US at 723 (quotation marks and citation omitted). "[T]he presumption of vindictiveness may be overcome only when the extent of the increase in the sentence bears a reasonable relationship to the new information." *Mazzie*, 429 Mich at 36.

In this case, the sentence imposed after retrial is presumptively vindictive because the trial court presided over both trials and imposed an increased sentence after the second trial. See *Mazzie*, 429 Mich at 35. Further, the presumption of vindictiveness has not been overcome, because the trial court identified no new, additional information that would justify an increase in defendant's sentence. Rather, in imposing the second sentence, the trial court stated, "There is a distinction between felonious assault, pulling out the gun, and intentionally pulling out the gun and firing into somebody's vehicle multiple times, running away, hiding his vehicle." The court added that defendant had tried to cover up his actions by hiding his vehicle. However, these facts were available to the court when defendant was first sentenced to 24 months' probation for felonious assault. Additionally, defendant's new presentence investigation report (PSIR) did not indicate any additional charges or crimes defendant may have committed since the first trial; nor was there any additional information about defendant's conduct while incarcerated between his first and second sentencings.

Defendant's sentence is reversed, and we remand for resentencing consistent with this opinion. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ David H. Sawyer
/s/ Michael J. Riordan

-3-